UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MELISSA SNYDER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE HERTZ CORPORATION**, a Delaware corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 8:25-cv-2812<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, MELISSA M. SNYDER ("SNYDER" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), the Family & Medical Leave Act (FMLA), and Florida Civil Rights Act (FCRA) for (1) disability discrimination in violation of the ADA, (2) retaliation in violation of the ADA, (3) genetic information discrimination in violation of GINA, (4) retaliation in violation of GINA, (5) interference in violation of the FMLA, (6)

1

retaliation in violation of the FMLA, (7) disability discrimination in violation of the FCRA, and (8) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, MELISSA M. SNYDER ("SNYDER") is an individual and a resident of Florida who at all material times resided in Hillsborough County, Florida. At all material times, SNYDER performed work primarily in Hillsborough County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. SNYDER was an employee within the contemplation of the ADA, GINA, FMLA and FCRA. Venue for this action lies in the Middle District of Florida, Tampa Division.

3. The Defendant, THE HERTZ CORPORATION ("Defendant") is a Delaware corporation with operations in Hillsborough County, Florida. Defendant was SNYDER's employer within the meaning of the ADA, GINA, FMLA and FCRA as it employs in excess of 50 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims

occurred in Hillsborough County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.04 since the action accrued primarily in Hillsborough County, which is within the Tampa Division.

6. SNYDER received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on August 12, 2025 and the instant Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.

**GENERAL ALLEGATIONS**

7. SNYDER began her employment with the Defendant in or about October 2016 and was employed as a customer service representative/sales counter agent.

8. SNYDER performed her assigned duties in a professional manner and was qualified for her position.

9. SNYDER was furloughed on April 20, 2020 due to COVID-19 and was rehired on April 20, 2021.

10. SNYDER is in a protected class as she has disabilities, specifically bipolar disorder and depression, for which she has been treated by her doctor.

11. SNYDER's impairments impact her ability to perform major life activities and major bodily functions.

12. SNYDER's disabilities qualify as disabilities as that term is defined under the ADA.

13. SNYDER has genetic information related to family medical history that is protected under GINA.

14. Beginning in 2022, following the deaths of both of her parents, SNYDER began utilizing FMLA leave for her serious health conditions.

15. SNYDER was issued a new Social Security number on March 17, 2022, while she was on bereavement leave following her mother's death on March 6, 2022 and while her father was in hospice care.

16. Despite providing her correct Social Security number, Defendant incorrectly entered SNYDER's Social Security number in its systems on two separate occasions in May 2022, causing ongoing problems with her employment verification and ability to obtain new employment.

17. Throughout her employment, SNYDER was subjected to a hostile work environment by her General Manager Cheri Smith, who created continuous hardship for SNYDER both professionally and personally, particularly in connection with her FMLA usage.

18. SNYDER's doctor temporarily reduced her work hours due to the hostile work environment, but Defendant arbitrarily changed her employment status from full-time to part-time without proper verification procedures.

19. Despite the reduction in hours and benefits, Defendant continued to deduct full-time benefit costs from SNYDER's paychecks.

20. In March 2024, SNYDER took FMLA leave due to a bacterial infection following surgery and returned to work on approximately May 16, 2024, with medical clearance and no restrictions.

21. SNYDER had remaining FMLA time available for the year when she returned to work.

22. On May 26, 2024, an incident occurred between SNYDER and a coworker.

23. On May 31, 2024, SNYDER was called into a meeting and asked to provide a statement regarding the May 26, 2024 incident. After providing her statement, she was told to go home and was suspended without pay pending investigation.

24. On or about June 4, 2024, SNYDER received a certified letter from Defendant terminating her employment for allegedly violating the company's harassment and discrimination policy and for unprofessional behavior in the workplace.

25. On November 27, 2024, SNYDER received a telephone call from Jennifer Boxing at The Hartford Law Division, informing her that someone from her former employer had accessed their website and filled out a web form using her personal identifying information without authorization.

26. Due to Defendant's failure to protect SNYDER's personal information and the incorrect entry of her Social Security number, SNYDER has been unable to pass employment verification checks and has had difficulty obtaining new employment.

27. At all material times, Defendant was aware of SNYDER's disabilities, genetic information, and use of FMLA leave, and consequently her protected status under federal and state law.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - DISABILITY DISCRIMINATION

28. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

29. At all relevant times, SNYDER was an individual with disabilities within the meaning of the ADA, specifically bipolar disorder and depression.

30. SNYDER's impairments substantially limit one or more major life activities and major bodily functions.

31. SNYDER was a qualified individual as that term is defined in the ADA and was able to perform the essential functions of her position.

32. At all material times, SNYDER was an employee, and Defendant was her employer covered by and within the meaning of the ADA.

33. Defendant discriminated against SNYDER with respect to the terms, conditions, and privileges of employment because of her disabilities.

34. Defendant terminated SNYDER's employment because of her disabilities and her use of FMLA leave related to her disabilities.

35. The conduct of Defendant altered the terms and conditions of SNYDER's employment and SNYDER suffered adverse employment action in the form of termination.

36. As a direct and proximate result of the violations of the ADA, SNYDER has suffered damages, including but not limited to, loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and emotional distress.

37. SNYDER has exhausted her administrative remedies, and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and seeks back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and such other relief as this Court deems appropriate.

### **COUNT II - VIOLATION OF THE ADA - RETALIATION**

38. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

39. SNYDER engaged in protected activity under the ADA by using medical leave as a reasonable accommodation for her disability-related conditions and by opposing discriminatory practices.

40. Defendant was aware that SNYDER was engaging in protected activity.

41. Defendant retaliated against SNYDER by terminating her employment because she engaged in protected activity under the ADA.

42. A causal connection exists between SNYDER's protected activity and her termination.

43. As a direct and proximate result of Defendant's retaliation, SNYDER has suffered damages.

44. SNYDER has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury and seeks back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and such other relief as this Court deems appropriate.

## COUNT III - VIOLATION OF GINA - GENETIC INFORMATION DISCRIMINATION

45. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

46. SNYDER has genetic information and family medical history that is protected under GINA.

47. Defendant discriminated against SNYDER based on her genetic information and family medical history in violation of GINA.

48. Defendant's discriminatory conduct was a motivating factor in the adverse employment actions taken against SNYDER, including her termination.

49. SNYDER has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury and seeks back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and such other relief as this Court deems appropriate.

## COUNT IV - VIOLATION OF THE FMLA - INTERFERENCE

50. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

51. SNYDER qualified for FMLA leave due to her serious health conditions, had worked for more than 1,250 hours in the previous 12 months, and Defendant employed more than 50 employees.

52. SNYDER properly requested and used FMLA leave for her serious health conditions.

53. Defendant interfered with SNYDER's FMLA rights by terminating her employment shortly after her return from FMLA leave and while she still had available FMLA time remaining.

54. A causal connection exists between SNYDER's use of FMLA leave and her termination.

Case 8:25-cv-02812-JLB-NHA    Document 1    Filed 10/15/25    Page 10 of 13 PageID 10


55. As a result of Defendant's FMLA violations, SNYDER has been damaged and is entitled to recover actual monetary losses, interest, and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury and seeks damages for lost wages and benefits, liquidated damages, reinstatement, reasonable attorney's fees and costs, and such other relief as this Court deems appropriate.

### COUNT V - VIOLATION OF THE FMLA - RETALIATION

56. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

57. SNYDER engaged in protected activity under the FMLA by requesting and taking FMLA leave.

58. Defendant was aware that SNYDER was exercising her rights under the FMLA.

59. Defendant retaliated against SNYDER by terminating her employment because she exercised her FMLA rights.

60. A causal connection exists between SNYDER's protected FMLA activity and her termination.

61. As a result of Defendant's retaliation, SNYDER has been damaged and is entitled to recover actual monetary losses, interest, and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury and seeks damages for lost wages and benefits, liquidated damages, reinstatement, reasonable attorney's fees and costs, and such other relief as this Court deems appropriate.

### COUNT VI - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - DISABILITY DISCRIMINATION

62. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

63. SNYDER was an individual with disabilities within the meaning of the FCRA.

64. Defendant discriminated against SNYDER with respect to the terms, conditions, and privileges of employment because of her disabilities in violation of the FCRA.

65. As a direct and proximate result of Defendant's violations, SNYDER has suffered damages.

66. SNYDER has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury and seeks back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and such other relief as this Court deems appropriate.

### COUNT VII - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RETALIATION

67. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

68. SNYDER engaged in protected activity under the FCRA by opposing discriminatory practices.

69. Defendant retaliated against SNYDER by terminating her employment because she engaged in protected activity.

70. As a direct and proximate result of Defendant's retaliation, SNYDER has suffered damages.

71. SNYDER has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury and seeks back pay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 15, 2025    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134

Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com